SCHMEIDER and others *v.* BARNEY.

*(Circuit Court, S. D. New York.   March 12, 1880.)*

1. IMPORTS—APPRAISED VALUE—PENAL DUTY.

If an invoice of imported goods comprises several items of the same kind and description, and one or more items are found to have been undervalued, the penal duty will be imposed upon all the items of the same kind and description, if the appraised value exceeds by 10 per cent. the aggregate entered value of such items.

2. SAME—LADIES' DRESS GOODS—CLASSIFICATION.

Ladies' dress goods do not constitute items of the same kind, within this rule, where they differ so much in price, figures, and arrangement of colors as to be classified and known to the trade by different names.

3. SAME—CORRECTED INVOICE—VALUATION.

The valuation of such importations should be made on the corrected invoice, received and accepted by the collector before the appraisement of the goods.—[ED.

*Almond W. Griswold,* for plaintiffs.

*Thomas Greenwood,* Ass't U. S. Att'y, for defendant.

SHIPMAN, D. J.   In this case a verdict was directed for the plaintiffs, subject to the opinion of the court upon the questions of law which are involved.   I had intended to give the facts at length, but am not able to devote the necessary time to that labor.   There were 16 cases of worsted, and worsted and cotton, goods in the invoice.   The goods were of six different styles, each style being distinguished by its peculiar name, such as Latona or Parthenia, and each class had its own value.   I suppose that all the goods were ladies' dress goods.

The corrected invoice was made and received before any appraisal, and was accepted by the collector as the true invoice, who also amended the plaintiffs' original entry to correspond with the corrected invoice.   The appraisers did not advance cases 2007 and 2014, containing goods called Titania, above the corrected invoice, and no additional duty was levied upon these cases.   The advance upon each of the other 14 cases was 10 per centum above the value of that stated in the original invoice, but was not 10 per centum

above the value stated in the corrected invoice in the five *cases* containing Parthenias and Valerias. The aggregate advance by the appraisers on the whole invoice was more than 10 per centum above the aggregate valuation in the original, as well as in the corrected, invoice. An additional duty of 20 per cent. was levied upon all the goods, except upon cases 2007 and 2014. The duty was levied under the second section of the act of March 3, 1857, (11 St. at Large, 199.)

1. The valuation of the importations was properly made on the corrected invoice. *Howland* v. *Maxwell,* 3 Blatchf. 147.

2. There not having been an increase of 10 per cent. above the valuation, as declared on the entry of the Parthenias and Valerias, the penalty of 20 per cent. was not properly levied upon these goods.

I think that article 488 of the treasury regulations contains the true rule: "When the invoice comprises several articles, and any one of them is undervalued 10 per cent. or more, the additional duty will attach on such article without regard to the result of the appraisal of the other articles, except where an invoice comprises several items of the same kind and description of goods, and one or more items are found to be overvalued to the extent mentioned, but without bringing the aggregate value of the importations to a sum greater, by 10 per cent., than the entered value."

I understand the rule to be, if an invoice comprises several items of the same kind and description of goods, and one or more items are found to have been undervalued, the penal duty will be imposed upon all the items of the same kind and description, if the appraised value exceeds by 10 per cent. the aggregate entered value of such items.

All these goods were of the same general materials, and were used for the same purpose, but they were of different kinds and descriptions; that is to say, they were of such different style and character as to be classified by different trade names. The mere facts that the goods varied in prices, or were of different figures or arrangement of colors, would not make them of different descriptions; but the fact that the

goods varied in these characteristics so much as to be classified and to be known in the trade by different names, is significant of the difference in the character and description of the goods. There was no dispute upon the facts. Neither party asked to go to the jury, but each claimed that it was entitled to a direction as matter of law.

Let judgment be entered upon the verdict.